UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-61171-CIV-DAMIAN/Valle

**AILYN GUERRA**,

    Plaintiff,

v.

**DISASTER SERVICES, LLC and
JUAN MATOS**,

    Defendants.
_____/

## ORDER DENYING MOTION TO APPROVE SETTLEMENT [ECF NO. 39] AND ORDER ON DEFAULT FINAL JUDGMENT PROCEDURE

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Approve Settlement [ECF No. 39], filed January 21, 2025, Magistrate Judge Alicia Valle's Paperless Order entered on March 7, 2025 [ECF No. 44], and Plaintiff's Status Report [ECF No. 46] and the Suggestion of Death of Defendant Juan Matos [ECF No. 45], both filed March 14, 2025.

THE COURT has considered the foregoing and the pertinent portions of the record and is otherwise fully advised in the premises.

## BACKGROUND

A recap of the background is warranted here.

Plaintiff filed her Complaint on July 3, 2024, asserting claims against Defendants, Disaster Services, LLC and Juan Matos ("Defendants"), under the Fair Labor Standards Act. [ECF No. 1]. On November 18, 2024, Defendants' counsel filed a motion to withdraw [ECF No. 29], and, shortly thereafter, the Magistrate Judge enter an Order granting the Motion and directed Defendants to retain new counsel or, as to Defendant Matos, indicate whether he intends to proceed *pro se* by December 20, 2024 [ECF No. 30]. The Magistrate Judge also admonished that Defendant Disaster Services, a limited liability company,

cannot represent itself and must be represented by counsel. *Id.* After Defendants failed to comply with Judge Valle's Order requiring Defendants to retain new counsel or, in Mr. Matos's case, to indicate his intention to proceed *pro se*, on January 8, 2025, this Court ordered Defendants to comply with Judge Valle's Order by January 21, 2025, and warned that failure to timely comply may result in the entry of a default against Defendants without further notice. [ECF Nos. 34, 36].

Before the deadline for compliance with this Court's January 8th Order, on January 9, 2025, Plaintiff filed a Notice indicating the parties had reached a settlement of the case. [ECF No. 35]. In light of the requirements of the FLSA requiring approval of settlement agreements, this Court entered an Order requiring the parties to submit the settlement agreement to the Court for approval by January 29, 2025. [ECF No. 37]. The following day, Plaintiff filed a Notice indicating the parties had consented to the jurisdiction of the Magistrate Judge. [ECF No. 38]. The Notice was signed by Plaintiff's counsel and by Defendant Juan Matos, on behalf of himself and as the owner and authorized agent of Defendant Disaster Services. *See id*.

On January 21, 2025, Plaintiff filed a Motion for Approval of the parties' settlement agreement, to which Plaintiff attached a signed copy of the parties' settlement agreement. [ECF No. 39]. Again, the settlement agreement was signed by Plaintiff's counsel and by Mr. Matos on behalf of himself and on behalf of Defendant Disaster Services. *See* ECF No. 39-1. On January 23, 2025, the undersigned referred the parties to the Magistrate Judge to conduct a status conference regarding the status of Defendants' retention of counsel on behalf of Defendant Disaster Services. [ECF No. 40]. The Magistrate Judge then conducted a status conference on February 4, 2025 [ECF No. 42], following which she entered an

Order again requiring Defendants to retain counsel or, as to Mr. Matos, to indicate whether he intends to proceed *pro se* by February 18, 2025. *See* ECF No. 43.

After the foregoing deadline expired without compliance by Defendants, the Magistrate Judge recommended that this Court deny the Motion to Approve the Settlement Agreement without prejudice due to Defendants' failure to indicate how they intend to proceed in connection with the February 4th Order. [ECF No. 44]. The Magistrate Judge also pointed out that there was an indication that Defendant Matos had passed away, and, therefore, the Magistrate Judge directed Plaintiff to file a status report within seven days regarding how she intends to proceed in light of Defendant Matos's death. *Id.*

Plaintiff filed the Status Report [ECF No. 46] and Notice of Suggestion of Death [ECF No. 45] on March 14, 2025.

In the Status Report, Plaintiff indicates that Defendant Juan Matos passed away and that Plaintiff's counsel has been unable to reach a representative for Defendant Disaster Services. [ECF No. 46]. Plaintiff requests leave to file a motion for default judgment against Defendant Disaster Services. *Id.* The undersigned notes that although Defendants were warned that default may be entered against them, no default has been entered in this case as of yet.

This Court also points out that although Mr. Matos passed away, Plaintiff's claims against him are not extinguished and may proceed against his estate. Therefore, this Court entered, concurrently herewith, an Order requiring that any motion for substitution as to Mr. Matos as a party defendant be filed no later than June 12, 2025, pursuant to Federal Rule of Civil Procedure 25(a). *See* ECF No. 47.

That brings us to the issues now before the Court.

3

**DISCUSSION**

Because Defendant Disaster Services failed to comply with Magistrate Judge Valle's Order to retain counsel, Magistrate Judge Valle recommends that Plaintiff's Motion to Approve Settlement [ECF No. 39] be denied without prejudice.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *United States v. Powell*, 628 F.3d 1254, 1256 (11th Cir. 2010). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. *See Cooper–Houston v. Southern Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994). Here, no objections to Magistrate Judge Valle's recommendations were filed, and Plaintiff did not raise any objection in the Status Report. After reviewing the record in this case, this Court fully agrees with the Magistrate Judge's recommendation.

Accordingly, in light of the circumstances in the instant action, it is

**ORDERED AND ADJUDGED** that the Magistrate Judge's Recommendation is **AFFIRMED AND ADOPTED**, and Plaintiff's Motion to Approve Settlement [**ECF No. 39**] is **DENIED WITHOUT PREJUDICE**.

Moreover, in light of Defendant Disaster Services LLC's failure to comply with the Court's Orders requiring it to notify the Court of whether it had retained counsel, this Court finds that the entry of default against Disaster Services LLC is appropriate. Accordingly, it is further

**ORDERED** that the Clerk of Court is directed to enter **DEFAULT** against Defendant Disaster Services LLC, pursuant to Federal Rule of Civil Procedure 55(a), and,

4

after the entry of default, Plaintiff must file one of the following two responses by **April 10, 2025**:

(1)  Where there is only one Defendant, or where there are multiple Defendants,[1] but no allegations of joint and several liability, and no possibility of inconsistent liability between Defendants, Plaintiff shall file a *motion for default final judgment*.

The *motion for default final judgment* must include affidavits of any sum certain due by Defendants, and any other supporting documentation necessary to determine Plaintiff's measure of damages. The *motion* shall also be accompanied by (1) the necessary affidavit under the Servicemembers Civil Relief Act, 50 U.S.C. § 3931(b), if applicable; (2) a proposed order; and (3) a proposed final judgment. (These last two are required by Local Rule 7.1(a)(2)). Pursuant to the CM/ECF Administrative Procedures, the proposed orders **shall be submitted to the Court by e-mail in Word format** at *damian@flsd.uscourts.gov*. Plaintiff shall send a copy of the *motion* to Defendants' counsel, or to Defendants if they do not have counsel. In the certificate of service, Plaintiff shall indicate that notices were sent to Defendants and the addresses where the notices were sent.

If Defendants fail to move to set aside the Clerk's Default or respond to the *motion for default final judgment* within the time permitted by the Rules, default final judgment may be entered, which, simply put, means that Plaintiff may be able to take Defendants' property or money, and/or obtain other relief against Defendants.

(2)  Where there are multiple Defendants and allegations of joint and several liability, or the possibility of inconsistent liability between Defendants, Plaintiff shall file a *notice of*

---

[1]  If there are multiple Defendants, Plaintiff must state in the *motion for default final judgment* that there are no allegations of joint and several liability and set forth the basis why there is no possibility of inconsistent liability.

joint liability. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872); 10A Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2690 (4th ed. 2021) (citing *Frow*, 82 U.S. at 554); *see also Gulf Coast Fans, Inc. v. Midwest Elecs. Imp., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984).

The *notice of joint liability* must briefly describe the allegations and advise the Court of the status of the other Defendants' liability. Once liability is resolved as to all Defendants, Plaintiff may move for the entry of default final judgment against Defendants, as described in (1) above, no later than 14 days thereafter.

*       *       *

Plaintiff's failure to file for a *motion for default final judgment* or *notice of joint liability* within the specified time will result in a **dismissal** without prejudice as to this Defendant without further notice.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 24th day of March, 2025.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Counsel of record