UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-61171-DAMIAN/VALLE

AILYN GUERRA,

    Plaintiff,

v.

DISASTER SERVICES LLC, and
JUAN MATOS,

    Defendants.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon Plaintiff Ailyn Guerra's Verified Motion for Default Judgment against Defendant Disaster Services LLC (ECF No. 51) (the "Motion"). United States District Judge Melissa Damian referred the Motion to the undersigned for a Report and Recommendation. (ECF No. 52). Upon review of the Motion, and being otherwise fully advised on the matter, the undersigned recommends that the Motion be **GRANTED** and Plaintiff be awarded $11,257.70.

### I.    BACKGROUND

On July 3, 2024, Plaintiff Ailyn Guerra filed a one-count Complaint alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, (the "FLSA") against Defendants Disaster Services LLC ("Disaster Services") and Juan Matos ("Matos"), jointly and severally (together, "Defendants"). *See generally* (ECF No. 1). According to the Complaint, Plaintiff worked as a loss specialist for Defendants between approximately March and June 2024 but was not paid minimum or overtime wages. (ECF Nos. 1 at 2 ¶¶ 9-10, 1-3). The Complaint seeks damages for unpaid minimum wages, unpaid overtime, liquidated damages, and reasonable attorneys' fees,

interest, and costs. (ECF No. 1 at 3). Initially, Defendants were represented by attorney Martin Leach, of the law firm Feiler & Leach. *See* (ECF No. 8).

Although the parties attended a Settlement Conference and a court-ordered mediation, they were unsuccessful in settling the case. *See* (ECF Nos. 26, 33). Relevant to the Motion, in November 2024, counsel for Defendants filed a motion to withdraw, which the undersigned granted. (ECF Nos. 29, 30). In granting the motion to withdraw, however, the undersigned ordered Disaster Services to retain new counsel by December 20, 2024, as a corporate defendant cannot proceed pro se. *See* (ECF No. 30) (citing *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985)). The Court also directed Defendant Matos to retain new counsel (who must file a Notice of Appearance) or file a Notice that he intended to proceed without counsel. Neither Defendant met this deadline nor filed the required Notices, despite repeated warnings from the Court that failure to comply with the Court's Orders could result in the entry of default against them. *See* (ECF Nos. 30, 34, 43).

In January 2025, Plaintiff filed a Notice of Settlement and a Motion to Approve Settlement, attaching an executed Settlement Agreement. (ECF Nos. 35, 39, 39-1). The Settlement Agreement was signed by Plaintiff's counsel and Defendant Matos in his individual capacity and as owner of the corporate defendant, Disaster Services. (ECF No. 39-1 at 4). To be clear, neither Matos nor Disaster Services had retained counsel or filed the required Notices, as directed by the Court. Thus, in light of the Notice of Settlement, the undersigned held a Status Conference on February 4, 2025, to determine the status of counsel. (ECF Nos. 41, 42).

At the Status Conference, the undersigned again instructed Defendants to retain counsel and/or file the appropriate Notices by February 18, 2025. *See* (ECF No. 43). Again, nothing was filed by the deadline. Consequently, in March 2025, upon learning of Defendant Matos' death,

the undersigned recommended that the District Judge: (i) deny without prejudice Plaintiff's Motion to Approve Settlement; and (ii) require Plaintiff to file a Joint Status Report, updating the Court on how Plaintiff intended to proceed following Defendant Matos death. (ECF No. 44). Thereafter, the District Judge adopted the undersigned's recommendation and directed the Clerk of Court to enter default against Disaster Services based on its failure to comply with the Court's multiple Orders to retain counsel. *See* (ECF No. 48 at 4). The Clerk's Default was entered on March 25, 2025.[1]  (ECF No. 49).

The instant Motion followed, seeking: (i) a default judgment against Defendant Disaster Services; (ii) $1,301.14 in unpaid minimum wages; (iii) $4,327.71 in unpaid overtime wages; and (iv) $5,628.85 in liquidated damages (totaling $11,257.70). (ECF Nos. 51, 51-1). To date, Disaster Services has not responded to the Motion.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(b)(2), this Court may enter a final judgment of default against a defendant who has failed to plead in response to a complaint. A defaulting defendant admits the well-pleaded allegations in the complaint. *See Eagle Hosp. Physicians, LLC v. SRG Consulting*, *Inc.* 561 F.3d 1298, 1307 (11th Cir. 2009) (citation omitted); *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (citation omitted); *DelValle v. All-State Prod., Inc.*, No. 10-CV-20357, 2010 WL 11597179, at *1 (S.D. Fla. May 28, 2010) (granting default judgment in FLSA action based on well-plead complaint); *Tissone v. Osco Food Servs., LLC*, No. 19-CV-61358, 2021 WL 1529915, at *1 (S.D. Fla. Feb. 10, 2021), *report and recommendation adopted*, No. 19-CV-61358, 2021 WL 870526 (S.D. Fla. Mar. 9, 2021) (citation omitted). Thus, by virtue

---

[1] On April 8, 2025, pursuant to the District Judge's Order on Default Final Judgment Procedure, Plaintiff filed a Notice of Joint Liability, indicating that Defendants are jointly and severally liable for Plaintiff's damages. (ECF Nos. 48 at 5-6, 50).

3

of the default, Disaster Services has admitted the allegations in the Complaint. S*ee SRG Consulting*, 561 F.3d at 1307 (citing *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)[2] and *Bowman*, 820 F.2d at 361). "A default judgment is unassailable on the merits" if it is supported by "well pleaded allegations." *Nishimatsu*, 515 F.2d at 1206. Before entering a default judgment, however, the Court must ensure that it has jurisdiction over the claims and there must be a sufficient basis in the pleadings for the judgment entered. *Id.*

Lastly, when a court enters a default judgment on liability, the court must also determine the appropriate measure of damages. *See* Fed. R. Civ. P. 55(b)(2)(B). In doing so, the Court may consider the pleadings and may also rely on evidence, such as affidavits and declarations. *See Chanel, Inc. v. Sea Hero*, 234 F. Supp. 3d 1255, 1263 (S.D. Fla. 2016).

## III.   DISCUSSION

### A. Jurisdiction and Venue

As an initial matter, this Court has jurisdiction over this matter pursuant to the FLSA, which forms the basis of Plaintiff's claims. *See generally* (ECF No. 1). Further, Plaintiff sufficiently alleges proper venue in this District. *Id.* at 1 ¶¶ 2-3.

### B. Plaintiff's Complaint Adequately Alleges FLSA Claims

#### 1. *Failure to Pay Minimum and Overtime Wages*

Generally to state a claim for failure to pay minimum (or overtime) wages under the FLSA, a plaintiff must demonstrate that: (i) she is employed by the defendant; (ii) the defendant engaged in interstate commerce; and (iii) the defendant failed to pay minimum or overtime wages.[3]

---

[2] Pursuant to *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981), all Fifth Circuit cases decided prior to September 30, 1981, are binding precedent.

[3] The FLSA defines employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee," and employee as "any individual employed by an

4

*Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 F. App'x 940, 942 (11th Cir. 2012) (citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n. 68 (11th Cir. 2008)).

Here, the Complaint alleges that: (i) Plaintiff was employed by Defendants; and (ii) Defendant Matos was an employer under 29 U.S.C. § 203(d) as the "owner and/or manager of [Disaster Services] . . . and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees," such as Plaintiff. (ECF No. 1 ¶¶ 2, 7-8). As to Defendant Disaster Services, the Complaint alleges that: (i) it was an enterprise engaged in commerce or the production of goods for commerce and was covered by the FLSA; (ii) its employees "handl[ed, [sold], or otherwise work[ed] on goods or materials that were moved in or produced for commerce," and (iii) its gross sales or business generated more than $500,000 per year. *Id.* at 1 ¶¶ 4-6. The Complaint further alleges that Plaintiff worked more than 40 hours per week and that Defendants knowingly and willfully failed to pay Plaintiff her full and proper minimum and overtime wages. *Id.* at 1 ¶¶ 9-12; *see* (ECF No. 1-3).

Based on a review of the Complaint and the record in this case, Plaintiff has sufficiently stated a claim under the FLSA. Accordingly, the undersigned recommends that Plaintiff's Motion be **GRANTED** as to Defendant Disaster Services. *See Mayorga v. Stamp Concrete & Pavers, Inc.*, No. 13-CV-81274, 2015 WL 1345364, at *2 (S.D. Fla. Mar. 23, 2015) (citing *Rowland v. Cal. Men's Colonly, Unit II Men's Advisory Coun.*, 506 U.S. 194, 201-02 (1993)) (granting plaintiff's motion for default judgment against a corporate defendant that failed to obtain new counsel).

---

employer." 29 U.S.C. § 203(d), (e)(1). Moreover, an enterprise is engaged in commerce or in the production of goods for commerce when it (i) "has employees engaged in commerce or in the production of goods for commerce, or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person"; and (ii) has annual gross sales or "business done" of $500,000 or more. 29 U.S.C. § 203(s)(1)(A).

*2. Damages*

When entering default judgment on liability, the Court must also determine the appropriate measure of damages. *See* Fed. R. Civ. P. 55(b)(2)(B). Plaintiff has the burden of proving damages to be awarded in a default judgment. *Bautista Hernandez v. Tadala's Nursery, Inc.*, 34 F. Supp. 3d 1229, 1241 (S.D. Fla. 2014). Damages may be awarded where the record reflects the basis for the award through detailed affidavits establishing the necessary facts. *See Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). In addition, the Court may use "mathematical calculations" to determine the damages to be awarded. *Id.* at 1543; *see also Mohan v. Sigma Auto Grp., Inc.*, No. 19-CV-60378, 2021 WL 8895079, at *3 (S.D. Fla. Nov. 2, 2021) (awarding damages to plaintiff in FLSA action based on chart with calculations submitted by plaintiff). That said, the Court retains "wide discretion in assessing damages, "even where they are not susceptible to precise calculations." *Nutrivida, Inc. v. Inmuno Vital, Inc.*, 46 F. Supp. 2d 1310, 1315 (S.D. Fla. 1998) (citing *Ramada Inns, Inc. v. Gadsden Motel Co.*, 804 F.2d 1562, 1564-65 (11th Cir. 1986)).

Here, Plaintiff's Declaration, filed in support of the Motion, includes the following Chart:[4]

**Unpaid Overtime and Minimum Wages**

| Period[1] | Weeks[1] | Average Weekly Hours Worked[1] | Average Weekly Pay[1] | Minimum Wage Hourly Rate | Overtime Hourly Rate | Total Unpaid Minimum Wages[1] | Total Unpaid Overtime Wages[1] | Total Liquidated Damages[1] |
|---|---|---|---|---|---|---|---|---|
| 3/11/24 - 6/24/24 | 14.14 | 91 | $1,000.00 | $ 12.00 | $ 18.00 | $ 1,301.14 | $ 4,327.71 | $ 5,628.85 |

| | |
|---|---|
| Total Unpaid Minimum Wages[1] = | $ 1,301.14 |
| Total Unpaid Overtime Wages[1] = | $ 4,327.71 |
| Total Liquidated Damages[1] = | $ 5,628.85 |
| Total[1] = | $ 11,257.70 |

---

[4] There is slight disparity in the damages claimed in the Chart ($11,257.70) versus those calculated by the Court ($11,255.44). Nevertheless, in the absence of any opposition, the Court defers to Plaintiff's calculations.

(ECF No. 51-1 at 2). As reflected in the Chart, Plaintiff is owed $1,301.14 in minimum wages and 1.5 times her regular rate of pay for all hours worked over 40 hours in a given work week ($4,327.71). *See* 29 U.S.C. § 207(a)(1). Thus, Plaintiff is owed $5,628.85 in minimum wages and overtime compensation.

In addition to unpaid minimum wages and overtime compensation, the FLSA provides for the award of an equal amount in liquidated damages. *See* 29 U.S.C. § 216(b). The employer bears the burden of demonstrating that liquidated damages are not warranted. *See* 29 U.S.C. § 260. To do so, the employer must show "to the satisfaction of the [C]ourt that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." *Id*. Because Disaster Services has not responded to the Motion, it has failed to show that liquidated damages are inappropriate. *See id*.; *see also Caterson v. Travel Res. Vacation Club Inc.*, No. 19-CV-62803, 2021 WL 1165896, at *4 (S.D. Fla. Jan. 13, 2021), *report and recommendation adopted*, 2021 WL 1165346 (S.D. Fla. Mar. 26, 2021) (awarding liquidated damages where defendant did not respond to or answer the complaint). Thus, Plaintiff should be awarded $5,628.25 in liquidated damages.

Accordingly, the undersigned recommends that Plaintiff be awarded a total of $11,257.70 in unpaid wages and liquidated damages against Defendant Disaster Services.

    3. *Attorneys' Fees and Costs*

Lastly, the FLSA provides for the award of reasonable attorney's fees and costs to a prevailing plaintiff. 29 U.S.C. § 216(b). This includes a plaintiff who prevails on a default judgment against a defendant employer. *Simon v. Leaderscape LLC*, 565 F. Supp. 2d 1332, 1334

(S.D. Fla. 2008). Plaintiff's Motion, however, does not address the issue of fees and costs.[5] *See generally* (ECF No. 51).

## IV. RECCOMENDATION

For the reasons set forth above, the undersigned respectfully recommends that the Motion (ECF No. 51) be **GRANTED**, and Plaintiff be awarded a default judgment against Defendant Disaster Services in the amount of $11,257.70.

Within **14 days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2024); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida on July 30, 2025.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:  U.S. District Judge Melissa Damian
     All Counsel of Record

---

[5] Although not raised in the Motion, the *draft* Default Final Judgment Order submitted by Plaintiff for the Court's consideration asks the Court to retain jurisdiction "over any other motion for attorney's fees or costs, any post-judgment matter that may be raised pursuant to the Federal Rules of Civil Procedure, and any motions that raise issues collateral to the Final Default Judgment." (ECF No. 51-3 ¶ 3). The undersigned leaves this matter to the discretion of the District Court.