UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-61171-CIV-DAMIAN/Valle

**AILYN GUERRA**,

    Plaintiff,

v.

**DISASTER SERVICES LLC, and
JUAN MATOS**,

    Defendants.
_____/

## ORDER AFFIRMING AND ADOPTING
## REPORT AND RECOMMENDATION [ECF NO. 55]

**THIS CAUSE** is before the Court upon Magistrate Judge Alicia O. Valle's Report and Recommendation to District Judge [ECF No. 55 (the "Report")], entered on July 30, 2025, regarding Plaintiff's Verified Motion for Default Judgment against Defendant Disaster Services LLC [ECF No. 51 (the "Motion")], filed on April 28, 2025.

## BACKGROUND

On July 3, 2024, Plaintiff, Ailyn Guerra ("Plaintiff"), filed a one-count Complaint alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, against her former employers, Disaster Services LLC ("Disaster Services") and Juan Matos ("Matos") (collectively, the "Defendants"). *See generally* ECF No. 1. In the Complaint, Plaintiff alleges that from on or about March 11, 2024, through on or about June 24, 2024, the Defendants failed to pay the minimum wage rate of $12.00 per hour, and the overtime hourly rate of $18.00 per hour. [ECF No. 1-3 ("Statement of Claim")]. Plaintiff seeks unpaid minimum wages, unpaid overtime, liquidated damages, and reasonable attorneys' fees, interest, and costs. *See* Compl. at 2–3.

The Defendants were initially represented by counsel. *See* ECF No. 8. The parties attended a Settlement Conference in October 2024 and a court-ordered mediation in December 2024 but were unsuccessful in settling the case. *See* ECF Nos. 26 and 33.

In November 2024, counsel for the Defendants filed a motion to withdraw, which the Court granted. *See* ECF Nos. 29 and 30. The Court instructed the Defendants several times, through written Orders and at a Status Conference, to retain counsel or, as to Defendant Matos, to file a notice that he intended to proceed without counsel. *See* ECF Nos. 30, 34, and 43. The record reflects that no appearance was entered on behalf of the Defendants and that Matos did not file the required notice, as directed by the Court.

On January 21, 2025, Plaintiff filed a Motion requesting that the Court approve the parties' Settlement Agreement, of which a copy was attached to the Motion. [ECF No. 39]. Because neither Defendant had complied with the Court's directive to retain counsel or file a notice of intent to proceed *pro se*, on March 7, 2025, Judge Valle recommended that the Motion to Approve Settlement be denied. *See* ECF No. 44.

Shortly thereafter, on March 14, 2025, Plaintiff filed a Suggestion of Death and a Status Report indicating that Defendant Matos had passed away and that Plaintiff's counsel had been unable to reach a representative for Disaster Services. *See* ECF No. 45 and 46. Subsequently, on March 25, 2025, the Clerk of Court entered a default against Disaster Services. *See* ECF No. 49.

On April 8, 2025, Plaintiff filed a Verified Motion for Default Judgment against Disaster Services. [ECF No. 51]. The undersigned referred the Motion to Judge Valle for a report and recommendation pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules for the Southern District of Florida. *See* ECF No. 52.

On July 30, 2025, Judge Valle issued the Report recommending that the Court: (1) grant Plaintiff's Motion; (2) enter a default judgment against Disaster Services, and (3) award Plaintiff $1,301.14 for unpaid minimum wages, $4,327.71 in unpaid overtime wages, and $5,628.85 in liquidated damages, for a total damages award of $11,257.70. As of the date of this Order, no objections have been filed and the time to do so has expired.

## STANDARD OF REVIEW

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

## DISCUSSION

As noted above, Judge Valle recommends that Plaintiff's Motion be granted and that the Court enter a default judgment in favor of Plaintiff and against Disaster Services in the amount of $11,257.70. In the Report, Judge Valle notes that Plaintiff's Motion does not

3

address the issue of attorney's fees and costs and that Plaintiff's proposed order asks the Court to retain jurisdiction "over any other motion for attorney's fees or costs, any post-judgment matter that may be raised pursuant to the Federal Rules of Civil Procedure, and any motions that raise issues collateral to the Final Default Judgment." *See* ECF No. 51-3 ¶ 3.

The undersigned has reviewed the Report, the record, and the applicable law to assure herself that no clear error appears on the face of the record. Based on that review, the undersigned agrees with Judge Valle's well-reasoned analysis and recommendations, as stated above.

## CONCLUSION

Accordingly, based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that:

1. Judge Valle's Report and Recommendation [ECF No. 55] is **AFFIRMED AND ADOPTED** and incorporated into this Order by reference;

2. Plaintiff's Verified Motion for Default Judgment [ECF No. 51] is **GRANTED** as to Defendant Disaster Services LLC. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, a default final judgment will be entered by separate order, and the Court retains jurisdiction to address any requests for attorneys' fees and costs.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 18th day of August, 2025.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Counsel of record